IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD WHITE,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.   18-cv-165-MJR-SCW |
| **NURSE BLAKE, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

**WILLIAMS, Magistrate Judge:**

This matter is before the Court on a motion for recruitment of counsel (Doc. 3) filed by Plaintiff. Plaintiff indicates that he needs counsel as he is not competent in the law. For the reasons set forth below, the Court **DENIES without prejudice** Plaintiff's motion for counsel (Doc. 3).

A district court "may request an attorney to represent any person unable to afford counsel." **28 U.S.C. § 1915(e)(1)**. There is no constitutional or statutory right to counsel for a civil litigant, however. **Stroe v. Immigration and Naturalization Services**, 256 F.3d 498, 500 (7th Cir. 2001); **Zarnes v. Rhodes**, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the trial court. **See Pruitt v. Mote**, 503 F.3d 647, 654 (7th Cir. 2007) (citing **Johnson v. Doughty**, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" **Pruitt**, 503 F.3d at 654 (citing **Farmer v. Haas**, 990 F.2d 319, 321-22 (7th Cir. 1993))**. The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. **See Pruitt**, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the court should consider the complexity of the case, and make a determination that is "particularized to the person and the case before the court." **Santiago, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 656)**. The court is to look at a plaintiff's "literacy, communication skills, educational level, and litigation experience." **Santiago, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655)**. The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself. **Id**. Further, the Seventh Circuit has instructed district courts to consider the plaintiff's competence in handling the increasing complexity of a case in the advanced stages of the litigation process. **James v. Eli, 889 F.3d 320, 327 (7th Cir. 2018).** The court should consider whether a plaintiff is able to "identify, collect, and present the right type of evidence", particularly when a case involves claims of deliberate indifference requiring a plaintiff to show the state of mind of a defendant. **McCaa v. Hamilton, -- F.3d--, 2018 WL 3134606 at \*3 (7th Cir. 2018).** The court should also consider other factors including whether an inmate has transferred to another facility or whether he is receiving help for a jailhouse lawyer. **Id. at \*4.**

Here, the Court finds that Plaintiff has met his threshold burden of trying to obtain counsel on his own. Plaintiff indicates that he has had family seek representation on his behalf and they have been unsuccessful in securing counsel.

As to Plaintiff's present ability to litigate the case on his own, the Court notes that Plaintiff's filings have been well written and easy to understand. Further, this case is in the early stages of the litigation process as no trial date has been set and a discovery schedule has not yet been entered. Thus, the Court finds no need for counsel at this time. Accordingly, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED without prejudice**. Once discovery has begun, Plaintiff may seek counsel from the Court again should he have difficulties in pursuing his claims or responding to discovery

requests.

**IT IS SO ORDERED**.    DATED: September 6, 2018

                                                      */s/ Stephen C. Williams*
                                                      STEPHEN C. WILLIAMS
                                                      United States Magistrate Judge