### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD WHITE, #R14550,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**NURSE BLAKE, ALFONSO DAVID,** )<br>**NURSES JOHN/JANE DOE #1–6, and** )<br>**WARDEN OF SHAWNEE** )<br>**CORRECTIONAL CENTER,** )<br>)<br>**Defendants.** ) | Case No. 18-cv-165-MJR-SCW |

### TRIAL PRACTICE SCHEDULE

**WILLIAMS, Magistrate Judge:**

The following procedures, supplementing the published rules of practice for the United States District Court, Southern District of Illinois, will apply to cases assigned to United States Magistrate Judge Stephen C. Williams.

1. The plaintiff shall have 30 days from the date of the Order to produce to the defendants:

    A. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge;

    B. A statement of the injuries the plaintiff has suffered and the relief he seeks;

    C. A signed release for medical records (in cases where the plaintiff's medical condition or care is at issue);

    D. If the plaintiff has sued any "John Doe's," any information the plaintiff possesses which will help identify the John Doe defendants, including but not limited to physical descriptions, specific job assignments, or partial names/nicknames.

**(Note: the plaintiff shall produce the above information directly to defendants; the information shall NOT be filed with the Court).**

  2. The defendants shall have 45 days from the date of this Order to produce to the plaintiff copies of the following documents and information related to the plaintiff's allegations:

    A. Incident reports;

    B. Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes;

    C. Disciplinary tickets, along with any documents related to the resolution of the tickets;

    D. The plaintiff's cumulative counseling summary;

    E. Correspondence with the chaplain (religion claims only);

    F. Shakedown slips (when property is at issue);

    G. Reports and/or statements of persons with knowledge of the incidents;

    H. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to the plaintiff;

    I. Copies of relevant medical records maintained by IDOC (in cases where the plaintiff's medical condition or care is at issue, and provided the plaintiff has executed the required release form as directed in paragraph 1 (note: the defendants may require payment of IDOC's customary copying costs for extensive records); and

    J. The identity of the John Doe defendants or, if the defendants are unable to make a specific identification, any document or information which would assist in the identification of the John Does; the defendants are not required

        to produce photographs of IDOC employees or inmates.

    K.    Defendants reserve the right to object to the production of the above, in a specific case, for security or other concerns.

3.    Any party entering an appearance after the date of this Order shall make the required disclosures within 30 days from his appearance in this case. The plaintiff will make his required disclosures within 30 days from the new party's appearance.

4.    The defendants shall have 60 days from the date of this Order to file a motion for summary judgment <u>on the issue of exhaustion of administrative remedies</u>. With his response to the motion, the plaintiff shall include a description of any steps taken by the plaintiff to exhaust his administrative remedies that are not reflected in the materials produced by the defendants to the plaintiff pursuant to paragraph 2(B). This description should include the dates additional steps were taken, the name of any individual involved in the process, and whether any response was provided. If any defendant files such a motion, discovery will be stayed only as to that defendant.

5.    The plaintiff shall have 90 days from the date of this Order to: (a) move to amend his complaint to add or substitute specific defendants for the John Does; (b) to identify additional steps that can be taken to identify the John Does who remain unidentified; and (c) move to amend the complaint to include <u>any</u> additional claims or parties. Failure to comply with this requirement will result in the dismissal of the John Does, and will likely bar further amendment of the compliant, except for good cause shown.

6.    Within 60 days of the date of this order plaintiff shall pay the initial partial filing fee of $5.74, or demonstrate that he has no assets and no means to pay that sum. Any attempt to show no assets and no means must be accompanied by a statement of trust fund transactions/balances for the entire period this case has been pending.

7. The defendants are given leave to depose the plaintiff or any other incarcerated witness, as required under Fed.R.Civ.P. 30(a)(2). Plaintiff's failure to participate in a deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of his claims. Due to security concerns and institutional considerations not applicable to the defendants, the plaintiff must seek leave to depose incarcerated witnesses pursuant to Fed.R.Civ.P. 30(a)(2).

8. Each party is limited to serving 15 interrogatories, 15 requests for production of documents, and 10 requests for admission on each opposing party. On motion, these limits may be increased for good cause shown.

9. All expert disclosures must be made to the opposing party at least **90 days** prior to the close of discovery.

10. All discovery must be completed by **April 1, 2020.** All discovery requests must be made in sufficient time to permit response or compliance by the discovery cutoff. Pursuant to Fed.R.Civ.P. 26(e), the parties are under an ongoing obligation to supplement the disclosures and production in this case. Failure to timely disclose or supplement discovery in this case may result in sanctions, including being prohibited from using the undisclosed information or witness.

11. All dispositive motions shall be filed no later than **May 1, 2020.**

12. A final pretrial conference will be held before U.S. Magistrate Judge Stephen C. Williams and be set by separate notice.

13. Extensions of these deadlines will only be granted in the rarest of circumstances, as the usual difficulties and delays associated with prisoner litigation have been taken into account in setting the pretrial schedule.

14. Trial is hereby set before District Judge Michael J. Reagan on **December 7, 2020**.

**IT IS SO ORDERED.**

**DATED: September 6, 2018**

                                                                                                                                                                                                               **s/ *Stephen C. Williams***
                                                                                                                                                                                                               **STEPHEN C. WILLIAMS**
                                                                                                                                                                                                              **U. S. MAGISTRATE JUDGE**