IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Richard White, | ) |
| *Plaintiff* | ) ) ) |
| | ) No. 18-cv-00165 |
| -vs- | ) |
| | ) *(Magistrate Judge Beatty)* |
| Wexford Health Sources, Inc., et al., | ) ) |
| *Defendants.* | ) |

## MOTION TO REOPEN DISCOVERY

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, plaintiff, by counsel, moves the Court to reopen discovery and defer or deny defendants' motion for summary judgment, ECF No. 93.

Grounds for this motion are as follows:

1. Plaintiff filed this action on February 2, 2018 (ECF No. 1), seeking leave to proceed in forma pauperis (ECF No. 2) and requesting the recruitment of counsel. (ECF No. 3.)

2. The district judge conducted a preliminary review on March 5, 2018. (ECF No. 6.) After summarizing the facts plaintiff had alleged (ECF No. 6 at 2-6), the district court viewed the case as presenting three claims (ECF No. 6 at 6):

   a. Eighth Amendment deliberate indifference claim against Doctor David, Nurse Blake, and Nurses John/Jane Does for delaying or denying treatment for the knee injury Plaintiff sustained on or around June 26, 2015.

   b. Eighth Amendment deliberate indifference claim against Wexford for failing to establish policies and procedures at Shawnee to ensure the prompt delivery of medical services to Plaintiff.

    c.    Fourteenth Amendment due process claim against the defendants for improperly handling Plaintiffs grievances regarding the denial of medical care.

3.    The Court allowed the first claim to proceed against the named defendants, dismissed the claim against Wexford without prejudice, and dismissed with prejudice plaintiff's claim about the handling of his grievances. (ECF No. 6 at 6-11.)

4.    Plaintiff, who was *pro se* in this action until March 3, 2020, did not seek to conduct any depositions nor otherwise develop the factual record beyond his recollections and the medical reords.

5.    The Court granted undersigned leave to appear *pro hac vice* on March 3, 2020. Counsel was in the process of reviewing the somewhat disorganized case file when defendants filed their motion for summary judgment on June 1, 2020. (ECF No. 93.)

6.    Undersigned counsel reviewed the motion for summary judgment and conferred about the case with Dr. Vincent P. Cannestra, an orthopedic surgeon. Based on Dr. Cannestra's preliminary review, counsel believes that there is a meritorious claim that plaintiff did not receive appropriate treatment for a serious knee injury. Dr. Cannestra is especially critical of the two-and-a-half-year delay from the injury on June 26, 2015 to an MRI on December 19, 2017 and to examination by an orthopedic surgeon on January 23, 2018. Plaintiff attaches a copy of Dr. Cannestra's preliminary review to this motion.

7.        To justify opposition to the motion for summary judgment, plaintiff seeks to develop the facts surrounding the delay in treatment. Dr. David states in his declaration that he requested referral for an MRI on September 8, 2015, and that another physician employed by Wexford Health Sources refused to authorize the MRI. The medical records (filed as ECF No. 92-2 at 182) identify the other physician as "Dr. Ritz of Collegial Review." Plaintiff seeks to depose Dr. David and Dr. Ritz about the request for an MRI and about the reason, if any, for not referring plaintiff to an orthopedic specialist until January of 2018. Plaintiff also seeks to inquire of Wexford Health Sources about its policies for referral to a specialist when a prisoner has incurred a potentially serious knee injury, as well as about application of those policies to deprive other, similarly injured prisoners of timely orthopedic consultation. These facts are essential to any opposition to the motion for summary judgment.

Plaintiff therefore requests that the Court reopen discovery and, pursuant to Rule 56(d), defer or deny defendants' motion for summary judgment.

                                                   Respectfully submitted,

                                 /s/   <u>Kenneth N. Flaxman</u>
                                     Kenneth N. Flaxman
                                     ARDC No. 830399
                                     200 S Michigan Ave Ste 201
                                     Chicago, IL 60604-2430
                                     (312) 427-3200
                                     Attorney for Plaintiff

Kenneth Flaxman												June 29, 2020
Law Offices of Kenneth N. Flaxman P.C.
200 South Michigan Avenue, Suite 201
Chicago, Illinois 60604
(312) 427-3200
(312) 427-3930 (fax)
knf@kenlaw.com

      Re: Richard White v. Nurse Blake Woods, Alfonso David, MD, Shawnee Correctional Center et al.
      Case No.: 3:18-cv- 00165-MJR-SCW

Dear Mr. Flaxman,

I have reviewed the materials that you have sent including your chronology, the deposition of Mr. White, and the Declarations of Alfonso David, MD and Blake Woods, APN.  My initial impressions suggest that there is merit in Mr. White's claim.  First and foremost, this includes the failure on the part of Wexford's medical staff to accurately and timely diagnose the injuries to Mr. White's left knee.  Clearly, based on the MRI scan that was finally obtained nearly 18 months after his injury, Mr. White sustained a large bucket handle tear of the medial meniscus and an anterior cruciate ligament (ACL) rupture.  Mr. White's continued complaints of left knee pain, his tendency to limp and require crutches, and his loss of knee range of motion, in particular the loss of his ability to fully extend the knee, supported a significant intra-articular knee injury in a 34 year old, previously healthy gentleman.  As such, an urgent MRI of the knee or immediate referral to an orthopedic surgeon was warranted.  The inadequate serial physical examinations performed by the medical staff belied the seriousness of Mr. White's injuries.

Due to the delay in obtaining the MRI and the orthopedic referral, Mr. White's window of opportunity to potentially have his bucket handle tear repaired, as opposed to being excised with a menisectomy, was lost.  Mr. White at the time of his injury was undoubtedly young in age and desired to retain his active and athletic lifestyle.  Therefore, in an attempt to decrease the well-known risk of post-traumatic arthritis in such an above individual with a possible repairable bucket handle tear and an ACL tear and to restore stability to the knee, semi-urgent surgical intervention (within 6 weeks) is recommended.

As the medical record shows, Mr. White continued to have issues of knee pain and instability and ultimately underwent a second knee surgery to reconstruct the ACL more than 3 ½ years after his initial knee injury.  It is my opinion that ultimately Mr. White in his lifetime will require a left knee replacement as a result of his injuries and the delays in obtaining appropriate surgical treatment to address those injuries.

Should you have any further questions or concerns in regards to this letter regarding my initial impressions, please do not hesitate to contact me.  I do declare under penalty of perjury under the laws of the United States of America that the information contained within this report was prepared and is the work product of myself and is true and correct to the best of my knowledge and information. The opinions rendered in this report are made within a reasonable degree of

medical and orthopedic surgical certainty.

                                                Sincerely,

                                                /s/ <u>Vincent P. Cannestra</u>

                                                Vincent P. Cannestra, M.D.