IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Richard White, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) No. 18-cv-00165 |
| -*vs*- | ) |
| | ) *(Magistrate Judge Beatty)* |
| Wexford Health Sources, Inc., et al., | ) |
| | ) |
| *Defendants.* | ) |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, plaintiff, by counsel, moves the Court for leave to file an amended complaint in the form attached to this motion.

Grounds for this motion are as follows:

1. Plaintiff filed this action on February 2, 2018 (ECF No. 1), seeking leave to proceed in forma pauperis (ECF No. 2) and requesting the recruitment of counsel. (ECF No. 3.)

2. The district judge conducted a preliminary review on March 5, 2018. (ECF No. 6.) After summarizing the facts plaintiff had alleged (ECF No. 6 at 2-6), the district court viewed the case as presenting three claims (ECF No. 6 at 6):

   a. Eighth Amendment deliberate indifference claim against Doctor David, Nurse Blake, and Nurses John/Jane Does for delaying or denying treatment for the knee injury Plaintiff sustained on or about June 26, 2015.

b. Eighth Amendment deliberate indifference claim against Wexford for failing to establish policies and procedures at Shawnee Correctional Center to ensure the prompt delivery of medical services to Plaintiff.

c. Fourteenth Amendment due process claim against the defendants for improperly handling Plaintiff's grievances regarding the denial of medical care.

3. The Court allowed the first claim to proceed against the defendant Dr. David and "Nurse Blake," whose name was subsequently corrected to Blake Woods. The Court dismissed the claim against Wexford without prejudice and dismissed with prejudice plaintiff's claim about the handling of his grievances. (ECF No. 6 at 6-11.)

4. Defendants filed their answers to the complaint on July 27, 2018 (Dr. David, ECF No. 25) and July 30, 2018. (Woods, ECF No. 27.)

5. The Court denied plaintiff's requests for the recruitment of counsel on September 6, 2018 (ECF No. 34), February 6, 2019 (ECF No. 61), May 8, 2019. (ECF No. 71), and May 24, 2019. (ECF No. 73.)

6. Plaintiff secured counsel following his release from the penitentiary and the Court granted the undersigned leave to appear *pro hac vice* on March 3, 2020.

7. The Court entered the following text order on August 12, 2020:

ORDER: Plaintiff's motion to reopen discovery and defer or deny defendant's motion for summary judgment [98] is GRANTED. The Court will reopen discovery on the existing claims for three months. The Wexford Defendant's motion for summary judgment [93] is DENIED without prejudice to

refiling at the appropriate time. The discovery deadline is now November 12, 2020 and the dispositive motion deadline is now December 14, 2020. At the hearing on the motion to reopen discovery, Plaintiff's counsel noted that he was considering seeking leave to amend his complaint to revive the Monell claim against Wexford Health Sources, Inc. (see Doc. 6) and to add a medical malpractice claim. Allowing Plaintiff to add new defendants and inject new legal theories into the case would require extensive additional discovery, including expert discovery on the medical malpractice claim. It would, in essence, restart the case two and a half years after it began. However, Plaintiff's counsel made the conscious decision to enter this case knowing the age of the case, its current procedural posture, and that the discovery and dispositive motion deadline were looming. As a result, the Court is not inclined to allow an amended pleading at this juncture as it would be prejudicial to the existing Defendants as well as the Court. Counsel was in the process of reviewing the somewhat disorganized case file when defendants filed their motion for summary judgment on June 1, 2020. (ECF No. 93.)

8. Following entry of this order, plaintiff deposed defendants Woods and Dr. David. Plaintiff is working to schedule the deposition of Dr. Ritz, the Wexford employee who refused to approve an MRI shortly after plaintiff injured his knee. Plaintiff has also secured an expert report from Dr. Vincent P. Cannestra, an orthopedic surgeon.

9. Plaintiff tenders with this motion as Exhibit 1 his proposed amended complaint, which incorporates Dr. Cannestra's expert report.

10. Plaintiff recognizes that Local Rule 15.1 requires "All new material in an amended pleading must be underlined." The proposed amended complaint in this case replaces a pro-se pleading; compliance with Local Rule

15.1 would require underlining of the entire document. Plaintiff therefore requests the Court to excuse his non-compliance with the Rule.

11. The proposed amended complaint seeks to assert state law medical malpractice claims against Woods, Dr. David, and their employer, Wexford Health Sources. The proposed amended complaint also re-asserts the deliberate indifference constitutional claims against Woods and Dr. David that survived preliminary review. In addition, the proposed amended complaint repleads the deliberate indifference constitutional claim against Wexford that the district judge dismissed without prejudice in his merits review.

12. As the Seventh Circuit recently observed in *Liebhart v. SPX Corp.*, 917 F.3d 952 (7th Cir. 2019), "[d]istrict courts are to 'freely give leave [to amend] when justice so requires.' Fed. R. Civ. P. 15(a)(2)." *Id.* at 964. This standard means that a district court must allow "amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, citing *Foman v. Davis*, 371 U.S. 178 (1962).

13. It cannot be said that the proposed amended complaint would be futile. Plaintiff's Eighth Amendment deliberate indifference claim has already survived screening review. The medical malpractice claim is based on

facts that are subsumed by the constitutional claim and plaintiff supports both claims with an expert report. Plaintiff's policy claim against defendant Wexford complies with the pleading standard adopted by the Seventh Circuit in *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016)

14. There has not been undue delay in assertion of the medical malpractice claim and repleading of the policy claim against defendant Wexford. "Undue delay" requires more than the mere passage of time. As the Seventh Circuit held in *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004), "delay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason ... is prejudice to the non-moving party." The Court of Appeals recently endorsed this rule in *Liebhart v. SPX Corp.*, 917 F.3d 952, 965 (7th Cir. 2019).

15. Defendants are unable to show "undue prejudice." The only new legal theory added in the proposed amended complaint is a state law medical malpractice claim. This claim is based on the same operative facts as the Eighth Amendment claim plaintiff advanced in his pro se complaint. Plaintiff does not seek any delay to submit his expert report, which he has attached to and incorporated into his proposed amended complaint.

16. Plaintiff does not seek to add any new parties to the case: plaintiff named Wexford Health Sources, Inc. and Dr. David in the caption of his original complaint and identified defendant Wood as "Blake" in the body of the complaint. These are the same defendants in the proposed amended complaint.

17. Plaintiff's claim against Wexford was dismissed without prejudice in the screening order because plaintiff had not identified any "policy, custom, procedure, practice, or rule promulgated by Wexford that resulted in a constitutional deprivation." (ECF No. 6 at 10.) To meet this standard in the proposed amended complaint, counsel relied on his lengthy experience litigating prisoner civil rights cases (which began with *Williams v. Cannon*, 370 F. Supp. 1243 (N.D. Ill. 1974)) and made extensive use of Westlaw and Pacer resources to formulate the policy claim referred to in paragraphs 13-15 of his proposed amended complaint.

18. It is unreasonable to expect a pro se litigant to plead and prove a Section 1983 policy claim of the sort alleged in the proposed amended complaint. The Seventh Circuit has recognized a similar limitation on the ability of pro se litigants in attempts by pro se prisoners to maintain a case as a class action. *Howard v. Pollard*, 814 F.3d 476, 478 & n. 1 (7th Cir. 2015).

Thus, "justice so requires," Fed. R. Civ. P. 15(a)(2), that plaintiff be granted leave to replead his federal claim against Wexford.

19. Litigation of plaintiff's federal claim against Wexford will require production of the relevant written policies and marshalling evidence of the application of the "collegial review" policy to other prisoners to support the allegations of paragraph 14 of the proposed amended complaint. This additional discovery will not delay trial of this case, which has not yet scheduled and is likely to be materially delayed by COVID issues.

It is therefore respectfully requested that the Court grant plaintiff leave to file an amended complaint in the form attached to this motion.

Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 830399
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*an attorney for plaintiff*